IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

RODDRICK ANDERSON
REG. #23567-001                                                                                            PETITIONER

VS.                                       2:06CV00175 SWW/JTR

LINDA SANDERS, Warden,
FCI, Forrest City, Arkansas                                                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the requested hearing before the
    United States District Judge was not offered at the hearing before the
    Magistrate Judge.

      3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A 149
    Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a § 2241 habeas Petition filed by Petitioner, Roddrick Anderson, a federal prisoner who is currently incarcerated at FCI Forrest City.[1] (Docket entry #1.) Respondent has filed a Response (docket entry #7), to which Petitioner has filed a Reply. (Docket entry #8.) Thus, the issues are joined and ready for disposition.

The habeas Petition seeks to have the Court vacate Petitioner's disciplinary conviction arising from an incident that took place at the FCI Forrest City on April 25, 2005.[2] On that date, Petitioner was charged by a federal correction's officer with Engaging in Sexual Acts, a "code 205" violation, and Being in an Unauthorized Area with a Member of the Opposite Sex, a "code 221" violation. (Docket entry #7, Ex. A - Attachment #1.) The charging officer's description of the incident states

---

[1] Petitioner was convicted of possession of, and conspiracy to distribute, crack cocaine and is serving a 120-month sentence, with a projected release date in late 2011. (Docket entry #1 at 1.)

[2] As a result of this disciplinary conviction, Petitioner lost 27 days of good time credit. Thus, his claim that he was denied due process in the disciplinary hearing is cognizable in a § 2241 habeas action. *Wolff v. McDonnell*, 418 U.S. 539, 555-58 (1974).

the following:

> [T]he ongoing investigation revealed the following information: Inmate Anderson #23567-001, was in the closet in the new classroom at the training center with his common law wife (Chelisa Anderson). Inmate Anderson and his wife admitted to having sexual contact with each other while in the closet. Inmate Anderson admitted to placing his hand in Ms. Anderson's vagina and Ms. Anderson admitted to the sexual contact. Furthermore, inmate Anderson was not authorized to be in the area and Ms. Anderson was not authorized to be on the institution grounds. This information is concluded based on intelligence gathered and your self-admission.

(Docket entry #7, Ex. A - Attachment #1.) Chelisa Anderson, who appears to be Petitioner's common law wife, signed a written statement, dated April 25, 2005, in which she explained that Petitioner wanted her to come to a particular building located within the FCI Forrest City to give him sex. (Docket entry #7, Ex. A - Attachment #5.) According to Ms. Anderson, she was not aware that she was not allowed to be in the area where she met Petitioner. *Id.* She further explained that she and Petitioner proceeded to a closet, at around 11:30 a.m., and that it was around noon when they finished. *Id.*

On April 28, 2005, Petitioner signed a written form advising him of his rights with respect to the disciplinary hearing that had been scheduled in connection with this incident. This form specifically advised Petitioner of his right to a staff representative and the right to call witnesses. (Docket entry #7, Ex. A - Attachment #2.) The same day, Petitioner also was provided with a notice of hearing form that notified him of the date of the disciplinary hearing. (Docket entry #7, Ex. A - Attachment #3.) The notice of hearing form, which is signed by Petitioner, is checked to indicate that Petitioner did not wish to have a staff representative at the hearing, and that he did not wish to call witnesses. *Id.*

On May 12, 2005, Petitioner appeared for this hearing, which was presided over by a

disciplinary hearing officer ("DHO"). In his testimony, Petitioner stated that he did not have sexual contact with Ms. Anderson, and that he only met her to discuss their children. (Docket entry #7, Ex. A - Attachment #4.)

In his decision, the DHO found that the evidence weighed in favor of Petitioner's commission of the charged violations, based on the report of the charging officer; Petitioner's prior admission to the investigating officer that he had sexual contact with Ms. Anderson; and the written statement of Ms. Anderson. *Id.* The sanctions imposed by the DHO included the imposition of 30 days of disciplinary segregation, the disallowance of 27 days of good conduct time, and the loss of certain visitation and telephone privileges. *Id.*

After exhausting his administrative appeals, Petitioner filed this federal habeas action on August 14, 2006. (Docket entry #1.) According to Petitioner, the Court should vacate his disciplinary conviction based on the following due process violations: (1) the DHO was biased; (2) Petitioner was denied his right to staff representation during the disciplinary hearing; and (3) Petitioner was denied his right to call witnesses during the disciplinary hearing. (Docket entry #1.)

Respondent contends that Petitioner's claims are without merit. (Docket entry #7.) For the reasons explained below, the Court agrees with Respondent's arguments. Thus, the Court recommends that the Petition for a Writ of Habeas Corpus be denied, and that the case be dismissed, with prejudice.

## II. Discussion

**A.**     **Standard of Review Governing Prison Disciplinary Hearings**

The deprivation of good time credits for a violation of a prison rule implicates liberty interests protected by the Due Process Clause. *See Espinoza v. Peterson*, 283 F.3d 949, 951 (8th

Cir.2002) (*citing Wolff v. McDonnell*, 418 U.S. 539, 555-58 (1974)). When a prison disciplinary hearing may result in the loss of good time credits, the inmate must receive: (1) advance written notice of the disciplinary charges at least 24 hours before the disciplinary hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement from an impartial decisionmaker identifying the evidence relied on and the reasons for the disciplinary action. *See Hrbek v. Nix*, 12 F.3d 777, 780 (8th Cir.1993) (*citing Wolff*, 418 U.S. at 563-67); *Espinoza*, 283 F.3d at 951-52 (*citing Superintendent v. Hill*, 472 U.S. 445, 454 (1985)). However, the decision of the prison disciplinary hearing officer is only required to be supported by "some evidence in the record." *Espinoza*, 283 F.3d at 951-52 (*citing Hill*, 472 U.S. at 454). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Where the record contains some evidence to support the decision of the DHO, the decision cannot be characterized as arbitrary. *Hill*, 472 U.S. at 457.

**B.     Analysis of Petitioner's Habeas Claims**

    **1.     Alleged Bias of the DHO**

According to Petitioner, his hearing officer was biased because he allegedly had *ex parte* conversations with BOP staff prior to the disciplinary hearing. Based on this factually unsupported assertion, Petitioner argues that the DHO reached a decision that he was guilty before the disciplinary hearing began.

"The nature of prison disciplinary proceedings compels the courts to give wide latitude to

prison officials in the manner in which they conduct these proceedings." *Ivy v. Moore*, 31 F.3d 634, 635 (8th Cir.1994). Disciplinary hearing officers are "entitled to a presumption of honesty and integrity," and "the constitutional standard for impermissible bias is high." *See Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir.2003). For a petitioner to prevail on a claim that a DHO was biased, he must show that officer's conduct "gave [the officer] an interest adverse to [the inmate's] 'so direct, personal, and substantial as to give rise to a due-process violation.' " *See Ivy v. Moore*, 31 F.3d 634, 635 (8th Cir.1994).

Petitioner's allegation that the DHO talked with BOP staff prior to the hearing is not sufficient to establish an interest adverse to Petitioner's interests "so direct, personal, and substantial" as to give rise to a due process violation. There is simply no evidence in the record that the DHO had any personal interest in the circumstances giving rise to the charges against Petitioner or in how those charges ultimately were resolved. Thus, the Court recommends that this ground for habeas relief be denied.

### 2.   **Right to Staff Representation**

Second, Petitioner contends that his request for staff representation at the disciplinary hearing was denied. Petitioner concedes that he signed the April 28, 2005 notice of hearing form, but claims that, after the fact, BOP officials checked the boxes waiving his right to a staff representative and to call witnesses. Furthermore, Petitioner claims that he expressly informed BOP officials that he wanted a staff representative to assist him in the disciplinary hearing.

Petitioner's assertion that he requested staff representation and that BOP officials fabricated documents to make it appear he did not make such a request is not supported by any evidence in the record. Moreover, a prisoner does not have a general constitutional right to have a staff

representative appear on his behalf in a disciplinary proceeding. *See Hudson v. Hedgepeth*, 92 F.3d 748, 751 (8th Cir.1996). Instead, due process requires that inmates be provided with the aid of a staff representative only where the inmate is illiterate or "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *See Wolff*, 418 U.S. at 570. Petitioner makes no allegation that he is illiterate, and the issues involved in the case were not complex. Thus, the Court recommends that this ground for habeas relief be denied.

### 3. Right to Call Witnesses

Finally, Petitioner argues that he sought to call Ms. Anderson as a witness at the disciplinary hearing, but BOP officials denied him the opportunity to do so. According to Petitioner, Ms. Anderson would have testified that there was no sexual contact between them, and that she signed her written statement under threat of prosecution for trespass.

In making this argument, Petitioner once again asserts that BOP documents were fabricated or changed to reflect that he waived the opportunity to call witnesses. Importantly, there is nothing in the record to support Petitioner's assertion that he made such a request, much less that it was denied by BOP officials. Furthermore, even if Ms. Anderson had been called as a witness and testified as Petitioner suggests, there is no indication that the testimony would have aided his defense, or that the outcome of the proceeding would have been different. *See Howard v. United States*, 487 F.3d 808 (10th Cir. 2007) (applying harmless error analysis to due process claim that prison officials denied requested witness testimony at hearing); *Powell v. Coughlin*, 953 F.2d 744, 750 (2d Cir. 1991) (constitutional violation in adjudicating prison disciplinary proceeding is subject to harmless error analysis).

According to the charging officer's written report, Petitioner admitted to the charged conduct. (Docket entry #7, Ex. A - Attachment #1.)  In light of Petitioner's admission, Ms. Anderson's supposed recantation of her statement would not have affected the outcome.  Petitioner testified at the disciplinary hearing and was able to present his defense that there was no sexual contact.  The record reflects that the DHO chose not to believe Petitioner's testimony and accepted other evidence in the record to support his decision that Petitioner was guilty of the disciplinary charge.  Thus, the Court recommends that Petitioner's final argument for habeas relief be denied.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (docket entry #1) be DENIED, and that this case be DISMISSED, WITH PREJUDICE.

Dated this 23rd day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE